[No. 16566.  *En Banc.*  September 22, 1921.]

CALIFORNIA INSURANCE COMPANY, *Respondent,* v.
C. B. APLIN, *Appellant.*[1]

REPLEVIN (35)—TITLE AND RIGHT TO POSSESSION—IDENTITY OF
PROPERTY—EVIDENCE—SUFFICIENCY. An action of replevin to re-
cover a stolen automobile which had been sold to an innocent
purchaser is sustained by proof that the factory and motor num-
bers on the car were the same as on the car which had been stolen;
and by the further testimony of the thief that he had sold the
car to the defendant.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered May 13, 1920,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action of replevin. Affirmed.

*J. W. Brooks,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondent.

BRIDGES, J.—In 1919, one Mrs. Welch, of Denver,
Colorado, purchased in that city a Cole automobile,
motor number 29,087, factory number 50,420. It was
stolen from her and by the thief driven to Walla Walla,
in this state, where he sold it to the appellant for a
valuable consideration. Mrs. Welch had the car in-
sured against theft with the plaintiff, who paid her
and took from her an instrument conveying to it the
title to the car. It brought this action to recover pos-
session of the car from the defendant. The chief ques-
tion in this action was whether the automobile in ap-
pellant's possession was the same as that stolen from
Mrs. Welch. There was a verdict in favor of the plain-
tiff, and the defendant has appealed from judgment
entered thereon. Apparently, the chief argument of

[1]Reported in 200 Pac. 1079.

the appellant here is that his motion for nonsuit should have been granted.

The proof is overwhelming that the car involved in this action is the identical car which was stolen from Mrs. Welch; the factory and motor numbers are the same, and there were other things which fully identified it. The person who stole the car in Denver testified to that fact and that, after driving it to Walla Walla, he sold it to appellant. Mrs. Welch testified that the car stolen from her was a Cole Sportster, whereas the car involved here is known as a Cole Tourister, but the two models are very similar, and the discrepancy in this regard may be considered wholly immaterial.

The appellant complains because the court did not give certain instructions requested by him. A reading of the instructions, however, shows that the court did give such requested instructions.

There is some complaint made about the instructions given, other than those requested, but the appellant does not point out wherein they are defective. A reading of them shows them to have been entirely proper.

The case was carefully tried by the court, and we find no errors. The judgment is affirmed.

Mackintosh, Main, Mitchell, Holcomb, and Tolman, JJ., concur.